IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02639-MSK-MEH

DYLAN JAMES GIVEN,

       Petitioner,

vs.

STEVEN HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.

---

**ORDER ADOPTING RECOMMENDATION,
DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS,
AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE**

---

THIS MATTER comes before the Court on a Recommendation **(#18)** by the Magistrate Judge that the Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#5)** be denied. There are no objections to the Recommendation. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 2254 and 1331.

### II. Background

The Petitioner, Dylan James Given, challenges the sentence that was imposed by the El Paso County District Court in Criminal Actions 99CR3995 and 00CR1507. Although his petition contains three enumerated claims, they are essentially a single claim that he should be

credited with 604 days of time he served as a non-resident in community corrections. He contends that: (1) the Colorado courts' failure to credit him with these 604 days violated his right to equal protection under the United States Constitution, because a CDOC[1] offender is given such credit while a diversionary offender, such as himself, is not; (2) he should receive this credit because he was in custody while he was a non-resident of community corrections due to restraints on his liberty and Colorado law, and could have been charged with escape as a penalty for violating the conditions of his non-residential contract; and (3) the Due Process and Equal Protection Clauses of the United States Constitution require that he be credited the 604 days because Colorado law requires such credit to be given to parolees and he is similarly situated to them.

The Magistrate Judge recommends that the petition be denied. In doing so, he did not state whether he liberally construed Mr. Given's claim in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, this Court has done so and finds that the Magistrate Judge correctly identified the asserted claim. Mr. Given has filed no objection to the recommendation that his petition be denied.

### III. Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a magistrate judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections are filed, the district court must review *de novo* the specific conclusions of the magistrate judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir.

---

[1] Colorado Department of Corrections.

1996). However, when no objections are filed, a district court may apply whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, Mr. Given has not objected to the Recommendation. Thus, the Recommendation is reviewed for clear error. In such review, a court considers the applicable law and determines whether the magistrate judge correctly applied it. The fact that a court might have decided the issues differently does not establish clear error. *See N.L.R.B. v. Viola Industries-Elevator Div., Inc.,* 979 F.2d 1384, 1387 (10th Cir. 1992). Rather, there is "clear error" if, upon review of the record, a court "is left with the definite and firm conviction" that the magistrate judge made a mistake. *See Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006).

### IV. Analysis

Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying this statute and caselaw interpreting it, the Magistrate Judge concluded that Mr. Given's claim should be denied on the merits. To the extent that Mr. Given claims that his sentence violates Colorado law, the Magistrate Judge reasoned that there is no grounds for issuance of a writ of habeas corpus under 28 U.S.C. § 2254(d), because a violation of state law

3

does not give rise to a cognizable claim. To the extent that Mr. Given claims that his sentence violates the United States Constitution, the Magistrate Judge concluded that the Colorado courts' decisions were not contrary to, nor an unreasonable application of, federal law. In doing so, he canvassed federal caselaw to determine whether there was any clearly established law on point, but found none.

The Magistrate Judge's conclusions are not clearly erroneous. He found no clearly established federal law which contradicted the Colorado courts' determinations. The highest Colorado court to address Mr. Given's claim also did not unreasonably apply federal law, because it did not apply federal law. Instead, it determined that Mr. Given could not be given confinement credit for non-residential community corrections time based solely upon Colorado law.

**IT IS THEREFORE ORDERED** that the Recommendation **(#18)** is **ADOPTED**, and the Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#5)** is **DENIED**. The Clerk of Court is directed to close this case.

Dated this 20th day of October, 2008

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge